UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          CASE NO.:  15-16126-BKC-LMI
                                                                Chapter 7

**HORTENSIA ALVAREZ**
SSN: XXX-XX-7811

_____Debtor._____/

### TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
### (1) COMPROMISE AND SETTLEMENT REGARDING VALUATION
### AND REPURCHASE OF DEBTOR'S NON-EXEMPT INTEREST IN CERTAIN
### PERSONAL PROPERTY AND (2) TURNOVER OF NON-EXEMPT REAL PROPERTY

**Any interested party who fails to file and serve a written
response to this Motion within 21 days after the date of
service stated in this Motion shall, pursuant to Local Rule
9013-1(D), be deemed to have consented to the entry of an
order in the form attached to this Motion.  Any scheduled
hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Hortensia Alvarez
(the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule
9013-1(D), files this Motion to Approve Stipulation for (1) Compromise and Settlement
Regarding Valuation and Repurchase of Debtor's Non-Exempt Interest in Certain Personal
Property and (2) Turnover of Non-Exempt Real Property (the "Motion"), and in support
thereof, states as follows:

### I.       Background

1.       This case commenced with the filing of a voluntary Chapter 7 Petition on April
3, 2015.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.       The Trustee has evaluated the Debtor's property valuations and claimed
exemptions and determined that the resolution agreed upon with the Debtor is in the best
interests of the Estate.  The details of the analysis and agreement are set forth in the
Stipulation for (1) Compromise and Settlement Regarding Valuation and Repurchase of

Debtor's Non-Exempt Interest in Certain Personal Property and (2) Turnover of Non-Exempt Real Property (the "Stipulation"), attached hereto as Exhibit "A."

3.      The Stipulation provides for the repurchase of Debtor's interest in certain personal property listed on the Debtor's Amended Schedule "B" [ECF 12] (collectively, the "Personal Property") and turnover of the Debtor's interest in the vacant lot listed on the Debtor's Schedule "A" [ECF 1] with the following description:

> Parcel ID: 604-00012-000
> Legal Description: Lot 12, Block 1, Jubileo Subdivision,
> Hot Springs Village, Saline County, Arkansas (the "Real Property").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Personal Property.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.      Legal Standard for Settlement

6.      Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In*

---

[1]  Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

*re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9.      According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a)    the probability of success in the litigation;
>
> (b)    the difficulties, if any, to be encountered in the matter of collection;
>
> (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
> (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10.      The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11.      Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Hortensia Alvarez, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on September 1, 2015, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

 /s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
JTabas@tabasfreedman.com

15-16126
(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

15-16126
(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

15-16126
(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

15-16126
(p)NISSAN  MOTOR  ACCEPTANCE
CORP - LOSS RECOVERY
PO BOX 660366
DALLAS TX 75266-0366

15-16126
ARM
POB 129
Thorofare, NJ 08086-0129

15-16126
Ally Financial
200 Renaissance Ctr
Detroit, MI 48243-1300

15-16126
Audit Systems Incorporated
3696 Ulmerton Road #200
Clearwater, FL 33762-4237

15-16126
Baptist Health South Floirda
6855 Red Road
Suite 200
Miami, FL 33143-3623

15-16126
Baptist Health South Florida
POB 830880
Miami, FL 33283-0880

15-16126
Bca Financial Services
18001 Old Cutler Rd Ste
Palmetto Bay, FL 33157-6437

15-16126
Boston Heart Diagnostics
175 Crossing Blvd Suite 550
Framingham, MA 01702-4491

15-16126
Cap One
3800 Golf Road, Suite 105
Rolling Meadows, IL 60008

15-16126
Cap1/Bstby
Po Box 5253
Carol Stream, IL 60197-5253

15-16126
Capio Partners LLC
2222 Texoma Parkway
Sherman, TX 75090-2481

15-16126
Chase Auto
Po Box 901003
Ft Worth, TX 76101-2003

15-16126
Chase Mtg
Po Box 24696
Columbus, OH 43224-0696

15-16126
Citi
Po Box 6241
Sioux Falls, SD 57117-6241

15-16126
Comenity Bank/Avenue
8035 Quivira Rd
Lenexa, KS 66215-2746

~~15-16126~~
~~Frederick J. Hanna~~
~~1427 Roswell Rd~~
~~Marietta, GA 30062-3668~~

15-16126
Grand Lakes Phase I HOA
c/o Firstservice Residencial
POB 028104
Miami, FL 33102-8104

**15-16126**
**Hortensia Alvarez**
**14970 SW 9th Way**
**Miami, FL 33194-2761**

15-16126
Hunt&Kahn, P.A.
P.O. Box 934788
Margate, FL 33093-4788

~~15-16126~~
~~Jackson Health System~~
~~POB 1028550~~
~~Atlanta, GA 30368-0001~~
-

~~15-16126~~
~~Kendall Regional Medical Center~~
~~HCA Patient Account Services~~
~~PO BOX 9800~~
~~Palm Harbor, FL 34682-9800~~

15-16126
Lincoln Heriage
4343 East Comeback Rd.
Suite 400
Phoenix, AZ 85018-2705

15-16126
Lvnv Funding Llc
Po Box 10497
Greenville, SC 29603-0497

15-16126
Mcydsnb
9111 Duke Blvd
Mason, OH 45040-8999

15-16126
Miami Center for Advanced Cardiology
P.O. Box 347226
Miami, FL 33234-7226

15-16126
Mitsubishi Motor Credi
Po Box 6014
Cypress, CA 90630-0014

15-16126
Mitsubishi Motors Credit of America
c/c James B Flangian Esq
110 SE 6th St, 15 Fl
Fort Lauderdale, FL 33301-5004

15-16126
Mitsubishi Motors Credit of America
PO BOX 660451
Dallas, TX 75266-0451

15-16126
Mount Sinai Medical Center
4300 Alton Road
Miami Beach, FL 33140-2948

15-16126
Nationwide Recovery Sv
Po Box 8005
Cleveland, TN 37320-8005

15-16126
Nordstrom Fsb
Po Box 6565
Englewood, CO 80155-6565

15-16126
Northland Group
P. O,. Box 129
Thorofare, NJ 08086-0129

15-16126
Ocwen Loan Servicing, LLC
POB 24738
West Palm Beach, FL 33416-4738

15-16126
Pollack & Rosen, P.A.
Joseph F. Rosen, Esq.
800 Douglas Road, Suite 450
Coral Gables, FL 33134-3125

15-16126
Portfolio Recovery Ass
120 Corporate Blvd Ste 1
Norfolk, VA 23502-4962

15-16126
Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

15-16126
Sears/Cbna
Po Box 6282
Sioux Falls, SD 57117-6282

15-16126
Sears/Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

15-16126
Skin And Cancer Associates
P.O. Box 69-4730
Miami, FL 33269-1730

15-16126
Svcdbyc1fs
Po Box 91614
Mobile, AL 36691-1614

15-16126
Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

15-16126
Syncb/Care Credit
Po Box 965036
Orlando, FL 32896-5036

15-16126
Syncb/City Furniture
C/O Po Box 965036
Orlando, FL 32896-0001

15-16126
Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

15-16126
Thd/Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

15-16126
Unifund CCR, LLC
c/o Hunt & Kahn, P.A.
POB 934788
Margate, FL 33093-4788

15-16126
Valentine & Kebartas, Inc.
P.O. BOX 325
Lawrence, MA 01842-0625

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                      CASE NO.: 15-16126-BKC-LMI
                                            Chapter 7

**HORTENSIA ALVAREZ**
SSN: XXX-XX-7811

_____Debtor._____/

## STIPULATION FOR (1) COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT INTEREST IN CERTAIN PERSONAL PROPERTY AND (2) TURNOVER OF NON-EXEMPT REAL PROPERTY

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor, Hortensia Alvarez (the "Debtor"), enter into this Stipulation for (1) Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Interest in Certain Personal Property and (2) Turnover of Non-Exempt Real Property (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

### I. BACKGROUND

1.      This case commenced as a Chapter 7 proceeding on April 3, 2015 (the "Petition Date") with the filing of a voluntary petition by the Debtor. Shortly thereafter, Joel L. Tabas was appointed Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

**The Non-Exempt Real Property**

2.      The Debtor's Schedule "A" [ECF 1] lists her interest in a vacant lot with the following description:

> Parcel ID: 604-00012-000
> Legal Description: Lot 12, Block 1, Jubileo Subdivision,
> Hot Springs Village, Saline County, Arkansas (the "Real Property").

3.      The Real Property is not claimed as exempt on the Debtor's Amended Schedule "C" [ECF 12], and the Debtor has advised the Trustee that she does not wish to repurchase her non-exempt interest in the Real Property.


HDA
Initials

**EXHIBIT "A"**

## The Scheduled Personal Property

4. The Debtor's Amended Schedule "B" [ECF 12] lists the Debtor's interest in certain personal property (collectively, the "Personal Property").

5. The Debtor has claimed a portion of the Personal Property as exempt.

6. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Personal Property may be undervalued.

7. The Debtor disputes certain aspects of the Trustee's analysis.

## II. THE SETTLEMENT

8. The Trustee and the Debtor agree to compromise the valuation and repurchase of the non-exempt interest in the Personal Property for $4,000.00 (the "Settlement Amount").

9. The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following Personal Property:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.36% | $ 14.51 |
| U.S. Century Bank checking account x1327 | 28.20% | $ 1,128.10 |
| Miami Med Insurance Corporation | 5.31% | $ 212.55 |
| High Life Financial, Inc. | 36.28% | $ 1,451.22 |
| Household goods and furnishings | 22.40% | $ 896.13 |
| Wearing apparel | 1.09% | $ 43.54 |
| Jewelry | 0.91% | $ 36.28 |
| House office equipment | 5.44% | $ 217.68 |

10. The Trustee and the Debtor agree that the Settlement Amount shall be paid as follows:

a. An initial payment in the amount of $357.00 to be paid on or before October 1, 2015; followed by

b. Eleven (11) consecutive monthly installments of $353.00 each month, with the first payment to be made on or before November 1, 2015, and each subsequent

HDA
Initials

2

payment due on the same day each month thereafter until a total amount of $4,240.00 is paid in full by October 1, 2016. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

11.     Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Hortensia Alvarez, Case No.: 15-16126-BKC-LMI," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

12.     Further, the Debtor agrees to turn over the Real Property to the Trustee to be sold for the benefit of the Estate, and agrees to execute all documents the Trustee deems reasonable, necessary or desirable to: (a) effectuate same; and (b) permit the Trustee to convey the Estate's interest in the Real Property.

## III. OTHER TERMS AND CONDITIONS

13.     The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

14.     In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the


Initials

3

Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

15. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

16. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

17. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

## SIGNATURES ON FOLLOWING PAGE


Initials

4

CASE NO.: 15-16126-BKC-LMI

Dated this _____ day of August, 2015.

Dated this _2_ day of August, 2015.

_____ .08/27/15

Hortensia Alvarez
14970 SW 9th Way
Miami, FL 33194-2761

_____
Joel L. Tabas, Trustee
14 N.E. First Avenue, Penthouse
Miami, Florida 33132

Dated this _27_ day of August, 2015.

_____
Robert Sanchez, Esq.
355 W 49 St
Miami, FL 33012

HDA
Initials

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                    CASE NO.:  15-16126-BKC-LMI
                                                          Chapter 7
**HORTENSIA ALVAREZ**
SSN: XXX-XX-7811

_____Debtor._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION**
**FOR (1) COMPROMISE AND SETTLEMENT REGARDING VALUATION**
**AND REPURCHASE OF DEBTOR'S NON-EXEMPT INTEREST IN CERTAIN**
**PERSONAL PROPERTY AND (2) TURNVOER OF NON-EXEMPT REAL PROPERTY**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to

Approve Stipulation for (1) Compromise and Settlement Regarding Valuation and

Repurchase of Debtor's Non-Exempt Interest in Certain Personal Property and (2) Turnover

of Non-Exempt Real Property (the "Motion"), and the Court, having reviewed the Motion and

the Certificate of No Response, having noted that no objections were filed, finding that the

settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898

F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that

the notice of the proposed compromise and settlement is sufficient to comply with

1 of 3

**EXHIBIT "B"**

Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is

**ORDERED** as follows:

1.      The Motion is granted.

2.      The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor agree that the Settlement Amount[1] provides for the repurchase of the Debtor's interest in the following Personal Property:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| Cash | 0.36% | $            14.51 |
| U.S. Century Bank checking account x1327 | 28.20% | $         1,128.10 |
| Miami Med Insurance Corporation | 5.31% | $            212.55 |
| High Life Financial, Inc. | 36.28% | $         1,451.22 |
| Household goods and furnishings | 22.40% | $            896.13 |
| Wearing apparel | 1.09% | $              43.54 |
| Jewelry | 0.91% | $              36.28 |
| House office equipment | 5.44% | $            217.68 |

The Trustee and the Debtor agree that the Settlement Amount shall be paid as follows:

    a.  An initial payment in the amount of $357.00 to be paid on or before October 1, 2015; followed by

    b.  Eleven (11) consecutive monthly installments of $353.00 each month, with the first payment to be made on or before November 1, 2015, and each subsequent payment due on the same day each month thereafter until a total amount of $4,240.00 is paid in full by October 1, 2016.  This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

In addition, the Debtor agrees to turn over the Real Property to the Trustee to be sold for the benefit of the Estate, and agrees to execute all documents the Trustee

---

[1] All capitalized terms not otherwise defined in this Order, shall have the meanings ascribed to them in the Motion.

deems reasonable, necessary or desirable to: (a) effectuate same; and (b) permit the Trustee to convey the Estate's interest in the Real Property

3.      The Court incorporates the terms of the Stipulation into this Order and retains

jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.