**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

In re: Hortensia Alvarez                                    Case No. 15-16126-LMI
                                                            Chapter 7

    Debtor.
_____/

**DEBTOR'S MOTION TO VACATE DISCHARGE AND TO RESCIND REAFFIRMATION AGREEMENT WITH MITSUBISHI MOTORS CREDIT OF AMERICA, OR IN THE ALTERNATIVE, TO SET REAFFIRMATION AGREEMENT HEARING**

COMES NOW the Debtor, Hortensia Alvarez, by and through her undersigned counsel, and files this Motion to Vacate Discharge and to Rescind Reaffirmation Agreement with Mitsubishi Motors Credit of America, or in the alternative, Motion to Set Reaffirmation Agreement Hearing and in support thereof states:

*Event Chronology*

1. The instant case was filed under Chapter 7 on April 3, 2015.

2. Debtor listed a 2012 Mitsubishi Outlander on her Schedule B and Schedule D with a value of $14,525.00 and a lien of $18,773.11 with Mitsubishi Motors Credit of America ("Creditor").

3. Debtor signed the Reaffirmation Agreement ("Reaffirmation") on May 8, 2015, which was then signed by the Creditor on May 11, 2015 and uploaded to the docket at ECF#17 on May 13, 2015.

4. This Honorable Court approved the Reaffirmation at ECF#22 on May 19, 2015.

5. The Discharge Order was entered at ECF#23 on July 13, 2015.

6. Notice to rescind the Reaffirmation was given to the Creditor on August 27, 2015 (106 days since uploading the Reaffirmation) in which the Creditor did not accept the rescission.

7. After signing the Reaffirmation, the Debtor was diagnosed with Rheumatoid Arthritis which causes her to suffer excruciating pain in her joints that affects her ability to work.

### *Argument*

8. Pursuant to 11 U.S.C. §524(c)(4), the Debtor has until the latter of either the entry of the discharge order, or within sixty days after the reaffirmation agreement is filed with the court by giving notice of rescission to the Creditor.

9. Since the discharge has already been entered and notice of rescission was given to the Creditor outside of the sixty day period, the Debtor now moves to vacate the discharge to invalidate the Reaffirmation due to unforeseen medical circumstances.

10. In, *In re Rivas*, 08-23117-BKC-LMI, this Honorable Court issued an opinion where after more than four years after receiving a discharge, the Debtors moved to reopen their bankruptcy case and rescind the reaffirmation agreement.

11. This Court held that the *Rivas* Debtors could not rescind the reaffirmation agreement, that had no patent presumption of undue hardship, and that was entered into more than four years ago in order to now strip off a second mortgage in a Chapter 7 case.

12. However, the instant case is different from *Rivas* as here the Debtor had an unknown undue hardship at the time of signing the Reaffirmation, the case is still open, and an insignificant amount of time has passed from the expiration of the sixty day time period until Debtor gave notice of rescission to the creditor.

13. The Debtors in *Rivas* did not have an undue hardship presumption on the face of the reaffirmation agreement, while in this case the Debtor had such presumption as she was negative at the end of every month $94.74.

14. Under 11 U.S.C. §524(c)(3)(B), a reaffirmation agreement must not impose an undue hardship on the Debtor.

15. Although this undue hardship was rebutted by the Order Approving the Reaffirmation at ECF#22, even the Debtor did not know of her condition at the time of signing the Reaffirmation.

16. If the Debtor would have known of her condition that was not yet diagnosed, she would not have signed the Reaffirmation.

17. Furthermore, the Debtor's case is still open and Creditor was given reasonable, albeit not timely, notice to rescind the Reaffirmation on August 27, 2015.

18. This Debtor is not waiting many years to give notice of the rescission and is not motivated to take advantage of a court decision, like the debtors in *Rivas*, but is wishing to rescind the Reaffirmation so that her discharge would be meaningful and give her a fresh start.

19. Alternatively, the Debtor requests that a hearing be set on the Reaffirmation to determine whether reaffirmation was appropriate.

**WHEREFORE** the Debtor respectfully requests that this Honorable Court permit her to address the Court directly to allow for a meaningful discharge of all of her debts by vacating the discharge, finding that there was an undue hardship that was not rebutted, and thus invalidating the Reaffirmation, or in the alternative, allow a hearing to be set to determine whether reaffirmation was appropriate, and grant such further relief as this Court may deem just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via ECF to: Joel L Tabas, 14 NE 1 Ave PH, Miami, FL 33132 and by regular mail and email to TRIPP SCOTT, P.A., c/o James B. Flanigan, Attorney for Creditor Mitsubishi Motors Credit of America, 110 SE 6th St., 15th Fl., Fort Lauderdale, FL 33301; bankruptcy@trippscott.com; and Mitsubishi Motors Credit of America, Inc., c/o Dan Booth, CEO, 6400 Katella Ave, Cypress, CA, 90630.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully Submitted:

**ROBERT SANCHEZ, P.A.**
Attorney for Debtor
355 W 49th Street
Hialeah, FL 33013
Tel. (305) 687-8008

By:*/s/Robert Sanchez*_____
     Robert Sanchez, Esq., FBN#0442161